## CIRCUIT COURT OF FAIRFAX COUNTY

Jeff Krause

v.

Terry Rychlik

August 1, 1996

Case No. L-152652

BY JUDGE F. BRUCE BACH

This matter comes before the Court on Plaintiff Jeff Krause's Motion to Remand to General District Court. Upon consideration of the arguments and evidence presented, I grant the Plaintiff's Motion to Remand this case to General District Court.

Plaintiff Jeff Krause brought his Motion to Remand against Defendant Terry Rychlik, alleging that Defendant's application for Removal to Circuit Court was defective. Specifically, Krause alleges that Rychlik failed to repay to the Plaintiff his court costs within ten days after the return date, as prescribed by Virginia Code § 16.1-92.

Krause submitted an affidavit March 19, 1996, to the General District Court of Fairfax County alleging that, by virtue of a Retainer Agreement executed by Rychlik on April 11, 1994, Rychlik was indebted unto him in the amount of $5,197.31, with interest at the rate of 12% per annum. Counsel for Rychlik, Stephen A. Armstrong, Esq., appeared in General District Court on May 16, 1996, to set the trial date.

Armstrong mailed a check for $30.00, payable to the General District Court Clerk, to Krause on May 23, 1996. Rychlik submitted his Motion for Removal from General District Court to Fairfax Circuit Court on May 28, 1996. Rychlik filed an Affidavit of Substantial Defenses and denied liability to Krause.

The case was removed from General District Court on May 24, 1996. Krause called Armstrong on May 31, 1996, and indicated that the first check was incorrectly made out to the Clerk of General District Court.

Krause further indicated that, if he received a $30.00 check made out to him, in addition to half of the ad damnum amount by June 5, he would be willing to settle with Rychlik. Rychlik's counsel wrote and delivered a second check payable to Jeff Krause on June 5, 1996, for $30.00.

Virginia Code § 16.1-92 states the procedure for application for removal. The movant must file an affidavit stating the grounds of defense and pay the court costs accrued to the time of removal. Upon application for removal, the movant must pay the writ tax to the General District Court and reimburse the Plaintiff for court costs. I find that Rychlik failed to meet the statutorily mandated requirements to perfect his Motion for Removal. Defendant Rychlik wrote the check to the Clerk of the General District Court rather than to Krause and mailed the check to Krause.

Based on the evidence and argument presented, I find that Rychlik failed to meet the requirements of application for removal, and Krause's Motion to Remand to General District Court is hereby granted.